# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CRIMINAL NO. 21-cr-00381 |
| STACY WADE HAGER, | |

## MOTION FOR REIMBURSEMENT OF FINES, FEES, AND RESTITUTION

Stacy Hager, through counsel, respectfully moves this Court for an Order directing the Clerk of Court to reimburse all fines, fees, and restitution payments made prior to his presidential pardon. The government opposes this motion.

## FACTUAL BACKGROUND

In February 2022, prosecutors filed a superseding information charging Stacy Hager with four misdemeanors arising out of the events at the Capitol on January 6, 2020. District Court Docket Number ("Doc.") 26. Following a bench trial, this Court found Mr. Hager guilty of all four counts. Doc. 51 at 227. This Court then sentenced Mr. Hager to 7 months in prison, in addition to imposing a $70 special assessment and $500 in restitution. Doc. 63 at 3, 6. The judgement directed Mr. Hager to pay restitution to the "Clerk of the Court for the United States, District Court for the District of Columbia." *Id.* at 6. Mr. Hager appealed. Doc. 65.

While Mr. Hager's appeal was pending, President Donald J. Trump "grant[ed] a full, complete and unconditional pardon to all . . . individuals convicted of offenses related to events that occurred at or near the United States Capitol on January 6, 2021." WHITE HOUSE, GRANTING PARDONS AND COMMUTATION OF

SENTENCES FOR CERTAIN OFFENSES RELATING TO THE EVENTS AT OR NEAR THE UNITED STATES CAPITOL ON JANUARY 6, 2021 (Jan. 20, 2025), available at https://www.whitehouse.gov/presidential-actions/2025/01/granting-pardons-and-commutation-of-sentences-for-certain-offenses-relating-to-the-events-at-or-near-the-united-states-capitol-on-january-6-2021/. (The President exempted a handful of participants, but Mr. Hager was not among them. *See id.*) That order granted Mr. Hager an unconditional pardon for all four counts of conviction. *See id.*

Shortly after, in the D.C. Circuit Court of Appeals, the government filed an unopposed motion to vacate Mr. Hager's convictions and remand his case to the district court. Case No. 23-3130, filed 1/23/25. The government stated that it would then dismiss all charges with prejudice. *Id.* Instead, the D.C. Circuit vacated Mr. Hager's convictions and remanded with instructions to dismiss the case as moot. Case No. 23-3130, filed 2/3/25. In support, the D.C. Circuit cited *United States v. Schaffer*, 240 F.3d 35 (D.C. Cir. 2001). *Id.* The mandate issued the same day. Case No. 23-3130, filed 2/3/25. This Court then dismissed the case. Case No. 21-cr-00381, filed 2/5/2025.

Mr. Hager has fully paid the special assessment and restitution amounts.

## ARGUMENT

The D.C. Circuit's order vacating Mr. Hager's conviction requires the Clerk of Court to refund all restitution and fees.

"When a criminal conviction is invalidated by a reviewing court and no retrial will occur, . . . the State [is] obliged to refund fees, court costs, and restitution exacted

from the defendant upon, and as a consequence of, the conviction[.]" *Nelson v. Colorado,* 581 U.S. 128, 130 (2017). That's because, "once [a] conviction[] [is] erased, the presumption of their innocence [is] restored." *Id.* at 135. At that point, the state "may not presume a person, adjudged guilty of no crime, nonetheless guilty *enough* for monetary exactions." *Id.* at 136. For the same reason, the government may not require the defendant to prove his innocence before issuing the refund. Because such defendants "are entitled to be presumed innocent," they "should not be saddled with any proof burden" to get their money back. *Id.* at 137. Accordingly, so long as a reviewing court invalidated the conviction and no retrial will occur, a defendant is entitled to a refund without any further showing. *Id.* at 130.

Both criteria are met here. First, "the reviewing court," *id.* at 130—the D.C. Circuit—vacated Mr. Hager's conviction and remanded with instructions to dismiss the case as moot. Case No. 23-3130, filed 2/3/25. That order "invalidated" Mr. Hager's "criminal conviction." *Nelson,* 581 U.S. at 130. That's because "[f]inal judgment [was] never . . . reached on" his conviction, as "the appeals process was terminated prematurely." *Schaffer,* 240 F.3d at 38. Accordingly, the conviction is no longer "established as a matter of law." *Id.* at 38.

That the vacatur resulted from mootness—and not some procedural or substantive defect in the trial—makes no difference. When, for example, a defendant's death moots their appeal, *Nelson* still requires the government to reimburse the decedent's estate. *See United States v. Reynolds,* 98 F.4th 62, 72, 67 n.2 (1st Cir. 2024) (observing that "[e]very circuit court to consider this question post-

3

*Nelson* has reached this conclusion"). True, death does not imply innocence. But under *Nelson*, one need not prove one's innocence in order to receive reimbursement. 581 U.S. at 137. To the contrary, the government must have a valid conviction in hand to justify retaining the defendant's money. *Id.* at 135–36. So too with Mr. Hager's pardon. It does not matter whether the pardon proved Mr. Hager's innocence. All that matters is that, due to mootness, "[f]inality was never reached on the *legal question* of [his] guilt." *Schaffer*, 240 F.3d at 38.

Second, no retrial will occur. The government announced its intention to dismiss Mr. Hager's case with prejudice, making clear that it did not mean to retry Mr. Hager. Case No. 23-3130, filed 1/23/25. And this Court would not have jurisdiction to entertain a future prosecution anyway, as D.C. Circuit has already ruled that Mr. Hager's pardon renders the case moot. Case No. 23-3130, filed 2/3/25.

Thus, *Nelson* squarely applies, and this Court should order the Clerk of Court to refund his $70 special assessment and $500 restitution payment.

**CONCLUSION**

The D.C. Circuit invalidated Mr. Hager's conviction, and no retrial will occur. Therefore, under *Nelson*, the Clerk of Court must refund all Mr. Hager's fines, fees, and restitution.

Respectfully submitted,

DATED: February 28, 2025    /s/ *Katie Hurrelbrink*
KATIE HURRELBRINK
California State Bar No. 325632
Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900
San Diego, CA 92101
(619) 544-2726/Fax: (619) 687-2666
katie_hurrelbrink@fd.org
Attorneys for Mr. Hager

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Motion is being filed via the Electronic Court Filing System (ECF), causing a copy to be served upon government counsel of record and co-defendant counsel this 28th day of February, 2025.

*/s/ Katie Hurrelbrink*
KATIE HURRELBRINK