UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>STACY WADE HAGER,<br><br>Defendant. | Criminal Action No. 21-cr-381 |

**OPINION AND ORDER**

On February 25, 2022, the government charged Stacy Wade Hager with four misdemeanors for his conduct at the United States Capitol on January 6, 2021. Superseding Info. at 1–3, ECF No. 26. On April 4, 2023, after a two-day bench trial, this court found Hager guilty of Count One, Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1); Count Two, Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2); Count Three, Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); and Count Four, Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G). Tr. of Bench Trial at 212:12–25–227:1–13, ECF No. 51.

On July 13, 2023, this court sentenced Hager to seven months of incarceration on Counts One and Two, and three months of incarceration on Counts Three and Four—to run concurrently. Judgment at 3, ECF No. 63. Part of the sentence required Hager to pay a $70 special assessment fee and $500 in restitution to the Clerk of the Court for disbursement to the Architect of the Capitol. *Id.* at 6.

On August 8, 2023, Hager appealed his conviction to the D.C. Circuit. Not. of Appeal at 1, ECF No. 65. On January 20, 2025, while Hager's appeal was pending, President Trump issued

a "full, complete and unconditional pardon to" "individuals convicted of offenses related to events that occurred at or near the United States Capitol on January 6, 2021." Proclamation No. 10887, 90 Fed. Reg. 8331, 8331 (Jan. 29, 2025).

Shortly thereafter, while Hager's case was on appeal, the government moved to vacate Hager's convictions and to remand the case to this court to dismiss his charges with prejudice. Appellee's Unopposed Mot. to Vacate Convictions and Remand for Dismissal at 1, *United States v. Hager*, No. 23-3130 (D.C. Cir. Jan. 23, 2025). But on February 3, 2025, the Circuit ordered that the "judgment of the district court be vacated" and that "the case be remanded with instructions to dismiss the case as moot." Order at 1, ECF No. 78-1. This court so dismissed on February 5, 2025. Feb. 5, 2025 Min. Order.

Hager now moves to be reimbursed for both the special assessment and restitution he paid as part of his conviction, totaling $570. Def.'s Mot. for Reimbursement of Fines, Fees, and Restitution at 1–6, ECF No. 80 ("Def.'s Mot."). He contends that because the D.C. Circuit vacated the district court's judgment, the Clerk of the Court is required to refund "all restitution and fees." Def.'s Mot. at 2.

The government concurs, acknowledging that pardons generally do not "make amends for the past" nor do they afford any "relief for what has been suffered by the offender." Gov't Resp. at 2, ECF No. 83 (internal quotation marks and citation omitted). But it takes the curious position that in this "unusual situation," reimbursement is appropriate, *id.* at 3, and points to *Nelson v. Colorado*, 581 U.S. 128 (2017) for support. There, the Supreme Court held that "[w]hen a criminal conviction is invalidated by a reviewing court and no retrial will occur, . . . the State [is] obliged to refund fees, court costs, and restitution exacted from the defendant upon, and as a consequence of, the conviction[.]" *Id.* at 130; Def.'s Mot. at 3; Gov't Resp. at 3.

At least three other judges in this district have denied similar motions where defendants sought reimbursement for fines and fees associated with their now pardoned criminal convictions. *United States v. Ballenger*, No. 21-719, at 1–2 (D.D.C. Jun. 30, 2025), ECF No. 176; *United States v. Santos*, No. 21-47, at 1–9 (D.D.C. June 27, 2025), ECF No. 111; *United States v. Sullivan*, No. 1:21-CR-78-RCL, 2025 WL 1444392, at *1–7 (D.D.C. May 20, 2025). All agree that *Knote v. United States*, 95 U.S. 149 (1877), rather than *Nelson*, controls. *Santos*, No. 21-47, at 7–8; *Ballenger*, No. 21-719 at 1–2; *Sullivan*, 2025 WL 144392 at *3. In *Knote*, the Supreme Court made clear that "a pardoned individual is not 'entitle[d]' to payments that have already been deposited into the United States Treasury, absent congressional authorization to withdraw the funds." *Santos*, No. 21-47, at 7 (quoting *Knote*, 95 U.S. at 152). Therefore, this court lacks the authority to order the Architect of the Capitol to refund Hager's $570. *See Knote*, 95 U.S. at 154 (holding that a pardon cannot authorize reimbursement once money has "been paid to a party to whom the law has assigned them," because the party's "rights . . . have become vested, and are as complete as if they were acquired in any other legal way").

Accordingly, Hager's Motion for Reimbursement of Fees and Restitution, ECF No. 80, is DENIED. Hager's Unopposed Motion for Extension of Time, ECF No. 82, is DENIED AS MOOT.

Dated: July 3, 2025

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge